United States District Court
Southern District of Texas
FILED

AUG 2 0 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. M-19-2337-S1 |
| | § | |
| OSCAR SERAFIN IBARRA | § | |
| GERARDO RUIZ | § | |
| GEOVANNY GARCIA-QUEVEDO | § | |
| JUAN CARLOS RODRIGUEZ | § | |
| also known as "Camilay" | § | |
| ALEJANDRO ENRIQUE GEORGE-BOZA | § | |
| JOSE JOEL QUEVEDO-BOUZAMAYOR | § | |
| | § | |
| EDGAR FUENTES-FUENTES | § | |
| | § | |
| LAUREANO JAVIER ROLDAN-QUEVEDO | § | |
| ULISES MARINO | § | |
| YETMIS MARTINEZ-PUJOL | § | |
| JESUS M MESA | § | |
| YOANY OCHOA-LABACENA | § | |
| also known as "Pitity" | § | |
| JORGE MENDEZ CHAVEZ | § | |
| | § | |

## SEALED SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### Count One

From on or about October 13, 2019, until on or about October 30, 2019, in the Southern

District of Texas and within the jurisdiction of the Court, defendants,

**OSCAR SERAFIN IBARRA
and
GERARDO RUIZ**

did knowingly and intentionally conspire and agree together and with other persons both known

and unknown to the Grand Jury, to willfully and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom, reward or otherwise J.L. and D.G. and, in committing or in furtherance of the commission of the offense, did willfully transport J.L. and D.G. in foreign commerce from the State of Texas to the United Mexican States.

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the defendants or conspirators, both indicted and unindicted, committed, among others, the following overt acts in the Southern District of Texas:

1. On or about October 13, 2019,                            .der threats of killing their families did direct J.L. and D.G. to travel on October 14, 2019 to a location in Edinburg, Texas.

2. On or about October 14, 2019, **OSCAR SERAFIN IBARRA (IBARRA), GERARDO RUIZ (RUIZ)**, and             net with J.L. and D.G. at a ranch in Edinburg, Texas.

3. On or about October 14, 2019, **IBARRA** and **RUIZ** tied up D.G. and J.L. in order to unlawfully seize and confine D.G. and J.L. and in doing so did instruct D.G. and J.L. either directly or indirectly that they were not free to leave.

4. On or about October 14, 2019, **IBARRA**, **RUIZ**, and             did instruct D.G. and J.L. that they had to travel from the United States of America to the United Mexican States.

5. On or about October 15, 2019, I            rode in a vehicle with D.G. and J.L. that crossed the Donna, Texas Port of Entry traveling southbound leaving the United States of America and entering the United Mexican States.

6. On or about October 15, 2019, **IBARRA** and **RUIZ** escorted the vehicle transporting **MORENO**, D.G., and J.L. that crossed the Donna, Texas Port of Entry traveling southbound leaving the United States of America and entering the United Mexican States.

7. On or about October 15, 2019, **RUIZ** called a co-conspirator to advise that D.G. and J.L. were then in the United Mexican States.

8. From on or about October 15, 2019, to on or about October 30, 2019, co-conspirators in the United Mexican States did continue to unlawfully seize and confine D.G. and J.L. against their will for ransom, reward or otherwise.

9. From on or about October 15, 2019 to on or about October 30, 2019, co-conspirators in the United Mexican States directed D.G. and J.L. to make international phone calls to individuals who could send payment to co-conspirators in exchange for the release of D.G. and J.L.

In violation of Title 18, United States Code, Section 1201(c).

## Count Two

From on or about October 13, 2019, and October 30, 2019, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**OSCAR SERAFIN IBARRA
and
GERARDO RUIZ**

did willfully and unlawfully seize, confine, inveigle, kidnap, abduct, and carry away and hold D.G. for ransom, reward, or otherwise, and, in committing or in furtherance of the commission of the offense, did willfully transport D.G. in foreign commerce from the State of Texas to the United Mexican States.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## Count Three

From on or about October 13, 2019, and October 30, 2019, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**OSCAR SERAFIN IBARRA**
and
**GERARDO RUIZ**

did willfully and unlawfully seize, confine, inveigle, kidnap, abduct, carry away, and hold J.L. for ransom, reward, or otherwise, and, in committing or in furtherance of the commission of the offense, did willfully transport J.L. in foreign commerce from the State of Texas to the United Mexican States.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

### Count Four

From on or about May 3, 2019, through on or about May 20, 2020, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**GEOVANNY GARCIA-QUEVEDO**
**JUAN CARLOS RODRIGUEZ**
also known as "Camilay"
**ALEJANDRO ENRIQUE GEORGE-BOZA**
**JOSE JOEL QUEVEDO-BOUZAMAYOR**

**EDGAR FUENTES-FUENTES**

**LAUREANO JAVIER ROLDAN-QUEVEDO**
**ULISES MARINO**
**YETMIS MARTINEZ-PUJOL**
**JESUS M MESA**
**YOANY OCHOA-LABACENA**
also known as "Pitity"
**JORGE MENDEZ CHAVEZ**
**AND**

did knowingly and intentionally conspire and agree together and with other persons known and unknown to the Grand Jurors, to possess with intent to distribute a controlled substance. The

controlled substance involved was 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

## NOTICE OF FORFEITURE
## 21 U.S.C. 853(a); 28 U.S.C. 2461(c)

Pursuant to Title 21, United States Code, Section 853(a) and Title 28, United States Code, Section 2461(c), the United States gives notice to defendants,

**GEOVANNY GARCIA-QUEVEDO**
**JUAN CARLOS RODRIGUEZ**
also known as "Camilay"
**ALEJANDRO ENRIQUE GEORGE-BOZA**
**JOSE JOEL QUEVEDO-BOUZAMAYOR**

**EDGAR FUENTES-FUENTES**

**LAUREANO JAVIER ROLDAN-QUEVEDO**
**ULISES MARINO**
**YETMIS MARTINEZ-PUJOL**
**JESUS M MESA**
**YOANY OCHOA-LABACENA**
also known as "Pitity"
**JORGE MENDEZ CHAVEZ**
**AND**

that in the event of conviction for an offense charged in Counts 4 of the Sealed Superseding Indictment, the United States intends to seek forfeiture of: (1) all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and (2) all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

The property subject to forfeiture includes, but is not limited to, the following real and personal property:

A 2014 Mercedes Benz vehicle bearing VIN WD3PF1CC8E5858216;

A 2013 Dodge Ram truck bearing VIN 3C6UR5GL6DG530096;

A 2006 Freightliner tractor bearing VIN 1FUJBBCKX6PW86726;

A 2006 Freightliner tractor bearing VIN 1FUJBBCK56LW98497;

A 2009 Freightliner tractor bearing VIN 1FUJGLCK09LAE0127;

A 2013 Freightliner tractor bearing VIN 3AKJGLBG9DSBY9358;

A 2004 Great Dane trailer bearing VIN 1GRAA06234B702355;

A 2007 Great Dane trailer bearing VIN 1GRAA06237B700240;

A 2010 Utility trailer bearing VIN 1UYVS253XAU886211;

A Utility trailer bearing VIN 1UYVS2538YM911102;

A Utility trailer bearing VIN 1UYVS253X7M945007;

A 2010 Utility trailer bearing VIN 1XP5DB9X05D843264; and

Lot 270, Evergreen Valley Estates, Phase II, as shown by the map or plat thereof recorded in Volume 47, Page 85-97, in the map records of Hidalgo County, Texas also known as 22111 Uresti St., Edinburg, Texas 78542

## Money Judgment

Defendant is notified that upon conviction, a monetary judgment may be imposed equal to the total value of the property subject to forfeiture.

## Substitute Assets

Defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of defendant,

  (A) cannot be located upon the exercise of due diligence;

  (B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

RYAN K. PATRICK
UNITED STATES ATTORNEY

ASSISTANT UNITED STATES ATTORNEY